**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street, S.W., Suite 800 | ) | |
| Washington, DC  20024, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| HOMELAND SECURITY, | ) | |
| 601 South 12th Street | ) | |
| Arlington, VA 22202, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite 800, Washington, DC  20024.  Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law.  In furtherance of

its public interest mission, Judicial Watch regularly requests access to public records of federal, state, and local government agencies and officials and disseminates its findings to the public.

4. Defendant is an agency of the United States Government and is headquartered at United States Department of Homeland Security, 601 South 12th Street, Arlington, VA 22202. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On September 19, 2012, Plaintiff submitted a FOIA request to the National Records Center of the United States Citizenship and Immigration Services ("ICE"), a component of Defendant, concerning Mohamed Atta, one of the terrorists responsible for the September 11, 2001 terrorist attacks in the United States. Specifically, Plaintiff was seeking access to copies of:

 1. Any and all records concerning, regarding, or relating to the above mentioned Mohamed Atta;

 2. Any and all of the following forms completed by or related to the above-identified Mohammed Atta:

     a. I-94 forms;
     b. I-130 forms;
     c. I-131 forms;
     d. I-129 forms;
     e. I-539 forms; and
     f. I-20 forms noting transfer of a B-2/B-1 visa;

 3. Any records of applications the above-identified Mohamed Atta filed in attendance schools including but not limited to flight schools and academies;

 4. Any and all passports issued to the above-identified Mohamed Atta; and

 5. Any and all records of the above-identified Mohamed Atta passport applications;

 6. Any and all records of a passport issued to the above-identified Mohamed Atta to the Conch Republic.

6. By letter dated October 18, 2012, ICE informed Plaintiff that it had determined that the documents responsive to Plaintiff's FOIA request should be withheld in full pursuant to FOIA Exemption 7(A).

7. By letter dated November 26, 2012, Plaintiff submitted a timely administrative appeal of the October 18, 2012 final determination.

8. By letter dated December 3, 2012, ICE denied Plaintiff's administrative appeal.

9. Because ICE has denied Plaintiff's administrative appeal, Plaintiff has exhausted all administrative remedies with respect to its September 19, 2012 FOIA request, pursuant to 5 U.S.C. § 552(a)(6)(A)(ii).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

12. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all

non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:   December 17, 2012                          Respectfully submitted,

                                                    JUDICIAL WATCH, INC.

                                                    /s/ Paul J. Orfanedes
                                                    D.C. Bar No. 429716
                                                    425 Third Street, S.W., Suite 800
                                                    Washington, DC 20024
                                                    (202) 646-5172

                                                    *Attorneys for Plaintiff*